### YODER et al. v. BOLLINGER.
### Civil Action No. 2806.

District Court, W. D. Pennsylvania.

Nov. 1, 1944.

S. B. Babcock and Robert M. Dale, both of Franklin, Pa., for plaintiffs.

Bradshaw, McCreary & Reed, of Beaver, Pa., for defendant.

SCHOONMAKER, District Judge.

This is an action by Edythe Yoder, Frank E. Bollinger, Eva Corderman, Maybelle Zippler, Laura Gibb, Genevieve Emerine, and Majorie Small—children of Sidney W. Bollinger, deceased—against the defendant, E. Ray Bollinger, who is also a son of the said Sidney W. Bollinger, deceased.

The complaint charges that on or about the 14th day of December, 1938, the said Sidney W. Bollinger was the beneficial owner of six hundred and fifty-one shares of stock of the Pittsburgh Coal Washer Company, a Pennsylvania corporation. On that date, and for many years before, the said E. Ray Bollinger was acting as confidential agent, attorney-in-fact, proxy and personal representative for his father, the said Sidney W. Bollinger, in matters pertaining to, inter alia, the management, policy, and operations of the said corporation. On that date, the said Sidney W. Bollinger, in order to facilitate his representations of said shares in said management, operation, and policy of the said company, and to protect and promote his equity and interest in the said company, conveyed these shares to said E. Ray Bollinger, who thereupon agreed to hold said shares for the benefit of the said Sidney W. Bollinger, beneficial owner thereof, and for the benefit of the estate

142

and heirs of the said Sidney W. Bollinger upon his decease.

The complaint shows further that the said Sidney W. Bollinger died on the 29th day of June, 1942, a citizen of the State of Florida, and a resident of Lake Worth, Florida; that the plaintiffs, Edythe Yoder, Frank E. Bollinger, Eva Corderman, Maybelle Zippler, Laura Gibb, Genevieve Emerine, Marjorie Small, and the defendant E. Ray Bollinger, are the sole heirs-at-law, and beneficiaries of the estate of Sidney W. Bollinger, deceased, under his last will and testament.

The plaintiffs ask that this court declare that the defendant, E. Ray Bollinger, received and now holds the said stock in trust for the plaintiffs and himself as beneficial owners of said stock; that he be required to answer for said shares and the income therefrom, and to deliver the same to the executor of said Sidney W. Bollinger, deceased; and that during the pendency of this suit, the said E. Ray Bollinger be restrained from selling or transferring said stock.

The defendant has asked for a more definite statement or bill of particulars as to how the alleged delivery of said stock to him facilitated his representation in the management, policy and operation of the said company; how said delivery protected the interest of the said Sidney W. Bollinger in the said company; if the certificate evidencing ownership of the shares was delivered to defendant, endorsed by him for transfer on the books of the company; if any assignment or power of appertaining thereto was made; if the Pittsburgh Coal Washer Company was insolvent, or prospering or failing; and if the plaintiffs have any knowledge of indebtedness of said Sidney W. Bollinger to defendant on notes formerly owned by Ambridge Savings & Trust Company, Ambridge, Pennsylvania.

We are of the opinion that the complaint is sufficiently specific in the matter of the alleged transfer of shares in question to the defendant, but is defective in not stating whether the alleged declaration and agreement was written, oral, or both; and if in writing, not touching the matters pertaining thereto.

At the oral argument, counsel for the plaintiffs acknowledged that the alleged agreement was oral, and stated they would amend their statement of claim so to set forth.

When this amendment is made, we will deny the defendant's motion for a bill of particulars, as the other particulars asked for are evidentiary in character, and do not belong in the complaint, which is not so general that the defendant will be hampered in preparing for trial.

Plaintiff's counsel may submit an order accordingly when they have amended their complaint, as above indicated.